**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,**

***Plaintiff*,**

**v.**

**NEW CENTURY FOUNDATION, a Kentucky corporation, d/b/a AMERICAN RENAISSANCE**

**and**

**JARED TAYLOR,**

***Defendants*.**

**Case No._______________**

## COMPLAINT

Plaintiff Michael Grecco Productions, Inc., for its complaint against Defendants New Century Foundation d/b/a American Renaissance, and Jared Taylor, alleges upon knowledge as to its own conduct, and on information and belief based on the investigation of Plaintiff's counsel as to all other conduct alleged herein, as follows.

## I. INTRODUCTION

1. This is a civil action for damages and injunctive relief arising under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or the "Act"), and under 17 U.S.C. §§ 1202 and 1203 for the provision and distribution of false copyright management information ("CMI").

2. This Court has original subject-matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Plaintiff Michael Grecco Productions, Inc. is the photography production company of Michael Grecco.

4. Michael Grecco is an internationally recognized, award-winning professional photographer and director.

5. Defendant New Century Foundation is the publisher of *American Renaissance*.

6. *American Renaissance* is a self-described "race-realist" publication founded and operated by Jared Taylor.

7. Defendant New Century Foundation is the owner and operator of the website www.amren.com which Jared Taylor operates.

8. In or about October 2022, Defendant copied Plaintiff's copyrighted photograph of Baseball Hall of Famer Rod Carew and his wife (the "Photo") and exploited it, without license or permission, to illustrate an article that Defendant published and has continuously displayed on its website ever since, while conveying a false copyright notice attributing ownership of the website's contents — including the Photo — to New Century Foundation.

## II. PARTIES

9. Plaintiff Michael Grecco Productions, Inc. ("Plaintiff" or "MGPI") is a California corporation with its principal place of business at 3103 17th Street, Santa Monica, California 90405.

10. MGPI is owned and operated by Michael Grecco ("Grecco"), who serves as its principal.

11. MGPI owns, manages, and licenses the copyrights in Grecco's photographs, including the Photo at issue in this action, which MGPI owns by written assignment.

12. Defendant New Century Foundation d/b/a American Renaissance ("Defendant" or "New Century") is a Kentucky nonstock corporation registered with the Virginia State Corporation Commission to transact business in Virginia (SCC ID F1296435).

13. Upon information and belief, New Century operate its principal office out of Defendant Taylor's home in Frederick, Maryland, within this District.

14. New Century publishes *American Renaissance*, founded in or about 1990, and owns and operates the website located at www.amren.com (the "Website"), through which it publishes and archives articles and videos, solicits donations, subscriptions, and conference registrations, and distributes its content to readers throughout the United States, including in this District.

15. According to the records of the Virginia State Corporation Commission, Jared Taylor is New Century's President.

16. According to the records of the Virginia State Corporation Commission, Devin Saucier is New Century's Treasurer and also its registered agent for service of process at 2017 Burnt Bridge Rd, Lynchburg, Virginia 24503, where Defendant may be served.

17. Defendant Jared Taylor founded Defendant New Century.

18. Defendant Jared Taylor is President of New Century.

19. Defendant Jared Taylor is a Director of New Century.

20. Defendant Jared Taylor is a resident of Maryland at 951 Holden Road, Frederick, Maryland, 21701 and can be served at this address.

## III. JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT

21. This Court has original subject-matter jurisdiction over Plaintiff's claims for copyright infringement and violations of 17 U.S.C. § 1202 pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (acts of Congress relating to copyrights).

22. This Court has personal jurisdiction over Defendants because Defendant Taylor maintains operations of Defendant New Century in Frederick, Maryland, within this District, and committed the acts complained of herein in this District and Maryland.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant resides and may be found in this District.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

## IV. FACTUAL ALLEGATIONS

### A. Grecco, MGPI, and the Copyrighted Photo

25. Michael Grecco is a well-known, award-winning commercial photographer, director, and author who has photographed hundreds of magazine covers and advertising campaigns worldwide.

26. Michael Grecco's celebrated portraits of actors, musicians, athletes, and other public figures have been commissioned by leading magazines, studios, and television networks, published internationally, and exhibited in galleries and museums.

27. Michael Grecco creates his photographs through, and licenses them with, Plaintiff MGPI, which owns and manages the copyrights in his works.

28. On September 27, 1997, in Los Angeles, California, Grecco created the photograph at issue in this action: a portrait of Baseball Hall of Famer Rod Carew and his wife, Marilynn Levy (the "Photo").

29. The Photo was licensed and distributed through Getty Images and was first published in 2009.

30. The Photo is depicted here:



31. The Photo was registered with the United States Copyright Office effective July 7, 2010, under Registration No. VA 1-431-698, as part of a group registration of published photographs titled "Grecco Photo / Getty Published 2009," covering 1,126 photographs first published between February 4, 2009, and October 26, 2009.

32. Michael Grecco Photography, Inc. is the author and copyright claimant identified on the Certificate of Registration.

33. By written agreement, ownership of the copyright in the Photo was transferred to Plaintiff MGPI

34. Plaintiff MGPI owns and controls the copyright in the Photo and has standing to pursue claims for infringement of the Photo.

35. Plaintiff is, and at all relevant times has been, the owner of all right, title, and interest in and to the Photo, including the copyright therein and the exclusive rights under 17 U.S.C. § 106 to reproduce the Photo, to distribute copies of the Photo, to publicly display the Photo, and to prepare derivative works based upon the Photo.

36. Plaintiff licenses Grecco's works, including the Photo, under a "rights-managed" licensing model, in which each license is limited in duration, scope, and medium, and each separate use requires a separate license.

37. Plaintiff charges, and the market regularly pays, substantial licensing fees for authorized editorial and commercial uses of Grecco's works.

38. Plaintiff has never licensed the Photo to Defendant or any entity associated with Defendant.

39. Plaintiff has never authorized Defendant to reproduce, distribute, publicly display, or otherwise exploit the Photo for any purpose.

**B. Defendants' Unauthorized Copying and Display of the Photo**

40. New Century has published American Renaissance since in or about 1990, first as a print periodical and now through the Website, under the direction and control of Jared Taylor.

41. On or about October 14, 2022, Defendant Jared Taylor published on the Website an article titled "How Can Anyone Think Race Isn't Real?" (the "Article"), presented together with a video of the same title.

42. The Article has remained continuously and publicly accessible at the website https://www.amren.com/videos/2022/10/how-can-anyone-think-race-isnt-real/.

43. Defendant Taylor copied the Photo and – without Plaintiff's license, permission, or knowledge – reproduced, stored, publicly displayed, and distributed the Photo on Defendant New

Century's Website as a photographic illustration for the Article, accompanied by the caption "Baseball player Rod Carew poses for a photo with his wife Marilynn Levy on September 27, 1997 in Los Angeles, California. (Photo by Michael Grecco)."

44. Defendants also reproduced, stored, publicly displayed, and distributed a copy of the Photo on the Website as a standalone image file at the website https://www.amren.com/wp-content/uploads/2022/10/32-1.jpg.

45. The infringing copy of the Photo, as displayed on the Website, is depicted below:



46. On information and belief, Defendants' unauthorized display of the Photo on the Website began on or about October 14, 2022, when Defendants published the Article, and has continued uninterrupted since that date.

47. A screenshot of the Article as displayed on the Website on January 30, 2025 — including Defendants' unauthorized display of the Photo — is shown below:

Chrome File Edit View History Bookmarks Profiles Tab Window Help Thu 30 Jan 6:20 PM

How Can Anyone Think Race

amren.com/videos/2022/10/how-can-anyone-think-race-isnt-real/

Foto de Machu Pic... Ingresar a Canvas The author's use o... Campus Virtual Rayuela Hostel Bo... Movil Cunero Musi... Sabatico Travelers... BUSCO ALQUILER... All Bookmarks

Switzer, a professor of psychiatry at the University of Pittsburgh. About 60 percent of whites go forward with the donation but only about 40 percent of racial minorities, he says, with slightly fewer African Americans going forward than other minority groups.

There was a flurry of non-white interest in marrow donation in 1996, when baseball hall-of-famer Rod Carew made a high-profile appeal for donors for his daughter Michelle, who had leukemia. He is a mix of black, Panamanian, and West Indian. His wife was a Russian Jew.



**Baseball player Rod Carew poses for a photo with his wife Marilynn Levy on September 27, 1997 in Los Angeles, California. (Photo by Michael Grecco)**

That made for a very unusual genetic mix, and despite a rush of thousands of inquiries, no one was the right match. Michelle died at age 18.

48. Defendants operate the Website as the principal channel of its publishing operations, through which New Century solicits donations, subscriptions, and conference registrations.

49. Defendants used the Photo to illustrate the Article, to make the Article more attractive to readers, and to draw and retain traffic to the Website and its archives, from which New Century derives revenue, promotional value, and other benefit.

50. Grecco discovered Defendants' unauthorized use of the Photo in or about January 2025.

51. On May 23, 2025, Grecco sent a written notice of claim and takedown demand to New Century by e-mail to info@newcenturyfoundation.org and dcomfort@newcenturyeducation.org.

52. Grecco sent follow-up notices to New Century on June 9, 2025, June 17, 2025, and July 2, 2025.

53. New Century did not respond to any of those notices.

54. New Century did not disclose any license.

55. New Century did not remove the Photo from the Website.

56. On February 2, 2026, Plaintiff's counsel sent a further written notice of claim and demand to New Century by e-mail to the email addresses info@newcenturyfoundation.org and dcomfort@newcenturyeducation.org, with copies to Defendant's President, Jared Taylor, advising that the Photo still had not been removed from the Website notwithstanding Grecco's 2025 notices — itself evidence of willful infringement — and that suit would be filed if New Century did not respond by February 16, 2026.

57. Defendants did not respond, did not disclose any license, have not removed the Photo, and have refused to compensate Plaintiff for its unauthorized commercial exploitation of the Photo.

58. On information and belief, as of the filing of this Complaint, a copy of the Photo remains publicly accessible on New Century's Website at https://www.amren.com/wp-content/uploads/2022/10/32-1.jpg.

59. Where an infringer, instead of obtaining permission and paying an agreed licensing fee, uses a copyrighted work without permission and without compensating the copyright owner, the copyright owner suffers actual damages, because the owner was legally entitled to exact a fee for such uses.

60. Plaintiff's actual damages under 17 U.S.C. § 504(b) are measured by, among other things, the fair market value of the license fees Defendant would have been reasonably required to pay for its years of use of the Photo, determined by reference to established rates regularly paid in the market and by such factors as the type of use, size of use, medium, duration, and circulation, together with disgorgement of Defendant's profits attributable to the infringement.

61. Whether Defendant would in fact have negotiated with Plaintiff or paid Plaintiff's price is irrelevant to the availability of hypothetical-license damages, which assume rather than require a willing buyer and willing seller.

**C. Defendants' Provision and Distribution of False Copyright Management Information**

62. The Article page on which Defendant New Century displayed the Photo conveys, at the foot of the page, the copyright notice, "The contents of this website are copyright © 1990-2025 New Century Foundation."

63. That notice was conveyed, and on information and belief continues to be conveyed, in connection with copies and public displays of the Photo.

64. The copyright notice described above, including the name of the purported copyright owner, constitutes copyright management information within the meaning of 17 U.S.C. § 1202(c), because it was conveyed in connection with copies and public displays of the Photo.

65. That CMI was false.

66. Neither Defendant New Century nor Taylor has ever owned, or held any license to, any copyright interest in the Photo.

67. Defendant New Century knew the CMI was false as applied to the Photo.

68. Defendant Taylor knew the CMI was false as applied to the Photo.

69. Defendant New Century knew that the Photo was a professional photograph created by someone other than Defendant.

70. Defendant Taylor knew that the Photo was a professional photograph created by someone other than Defendant.

71. Indeed, the caption Defendants published beneath the Photo expressly identified "Michael Grecco" as the photographer while each Defendant knew that it had never sought, obtained, or paid for any license or assignment of rights in the Photo.

72. Defendant New Century and Taylor provided and distributed the false CMI knowingly and with the intent to induce, enable, facilitate, or conceal infringement: attributing copyright ownership of the Website's contents, including the Photo, to Defendant New Century made Defendants' use appear licensed and authorized to the public and to rights-holders such as Plaintiff, thereby concealing the infringing nature of the use.

73. Each provision and each distribution of the false CMI in connection with the Article and the Photo constitutes a separate violation of 17 U.S.C. § 1202(a).

74. Given that Defendant New Century and Taylor lack any license agreement with Plaintiff or other cognizable defense, and because Defendants ignored Plaintiff's repeated good-faith pre-suit attempts to resolve this matter, Plaintiff had no choice but to file this action to protect its rights and seek fair and just compensation.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement, 17 U.S.C. §§ 106 and 501)**

75. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

76. Plaintiff owns a valid and subsisting copyright in the Photo, registered under Registration No. VA 1-431-698.

77. Plaintiff never authorized Jared Taylor, New Century or, or any of its owners, officers, agents, employees, contractors, distributors, or licensees, to use, copy, reproduce, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photo.

78. Defendants directly infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, storing, publicly displaying, and distributing the Photo on the Website in connection with the Article, and by causing the Photo to be transmitted and displayed to visitors to the Website, all without Plaintiff's authorization.

79. Defendant New Century and Jared Taylor are further liable for contributory and/or vicarious infringement to the extent the infringing acts were carried out by Defendants' agents, contractors, or others acting at its direction, because Defendants had the right and ability to supervise and control the infringing conduct, obtained a direct financial benefit therefrom, and knowingly induced, caused, or materially contributed to it.

80. As a direct and proximate result of Defendant New Century's and Jared Taylor's infringement, Plaintiff has suffered actual damages

81. As a direct and proximate result of Defendant New Century's and Jared Taylor's infringement, Defendants have obtained profits and benefits attributable to the infringement.

82. As a direct and proximate result of Defendant New Century's and Jared Taylor's infringement, they have associated the Photo with a known white nationalist organization.

83. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover its actual damages — including the fair market value of the license fees Defendants New Century and Jared Taylor would have been required to pay for its uses of the Photo — together with disgorgement of New Century's and Taylor's profits attributable to the infringement, in amounts to be proven at trial.

84. Defendants' acts of infringement commenced after the effective date of registration of the Photo.

85. Because Defendants' acts of infringement commenced after the effective date of registration of the Photo, Plaintiff is further entitled, at its election, to statutory damages under 17

U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 per work infringed for willful infringement, and to recover its full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

86. Defendants' infringement was willful: Defendants published the Photo beneath a caption identifying Grecco as its photographer, received at least five written notices of its infringement, and nonetheless continued — and continues — to display the Photo without license or permission.

87. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

88. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyright in the Photo by Defendants and all persons acting in concert with Defendants.

**SECOND CAUSE OF ACTION**

**(False Copyright Management Information, 17 U.S.C. §§ 1202(a) and 1203)**

89. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

90. Defendant New Century, by and through Taylor, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false, in violation of 17 U.S.C. § 1202(a)(1), by conveying the copyright notice "The contents of this website are copyright © 1990-2025 New Century Foundation" in connection with copies and public displays of the Photo on the Website.

91. Defendant New Century, by and through Taylor, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, distributed copyright management information that is false, in violation of 17 U.S.C. § 1202(a)(2), by causing the false copyright notice to be distributed to and displayed for visitors to the Website in connection with the Article and the Photo, continuously, since in or about October 2022.

92. Defendant New Century, by and through Taylor, acted with the requisite knowledge and intent: Defendant knew it did not own or have any license to the Photo; Defendant knew the CMI it provided attributed copyright ownership of the Website's contents, including the Photo, to Defendants; and Defendant New Century, by and through Taylor, provided and distributed that false CMI intending that its use appear authorized, thereby inducing, enabling, facilitating, and concealing its own infringement of the Photo.

93. By reason of Defendant New Century and Taylor's violations of 17 U.S.C. § 1202(a), Plaintiff has been injured and is entitled to recover its actual damages and any additional profits of Defendants attributable to the violations pursuant to 17 U.S.C. § 1203(c)(2), or, alternatively, at Plaintiff's election made at any time before final judgment is entered, statutory damages of not less than $2,500 and not more than $25,000 for each violation pursuant to 17 U.S.C. § 1203(c)(3)(B).

94. Discovery may reveal additional violations not presently known to Plaintiff.

95. Plaintiff is expressly entitled to recover its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4) and (b)(5).

96. Further irreparable harm is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.

97. Plaintiff is entitled to an injunction pursuant to 17 U.S.C. § 1203(b)(1) restraining Defendants, its officers, directors, agents, employees, representatives, and all persons acting in concert with Defendants, from further violations of 17 U.S.C. § 1202.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Grecco Productions, Inc., prays for judgment against Defendant New Century Foundation and Jared Taylor as follows:

a. Awarding Plaintiff its actual damages, including the fair market value of license fees for Defendants' uses of the Photo, and disgorgement of all of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial;

b. Awarding Plaintiff, at its election, statutory damages of up to $150,000 per work infringed for willful infringement pursuant to 17 U.S.C. § 504(c), and its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

c. Awarding Plaintiff, at its election, statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(a), pursuant to 17 U.S.C. § 1203(c)(3)(B), or Plaintiff's actual damages and Defendants' profits attributable to such violations pursuant to 17 U.S.C. § 1203(c)(2);

d. Granting Plaintiff permanent injunctive relief pursuant to 17 U.S.C. §§ 502 and 1203(b)(1), enjoining Defendants, its officers, agents, servants, employees, and all those acting in concert with it, from reproducing, distributing, publicly displaying, or otherwise exploiting the Photo, and from further violations of 17 U.S.C. § 1202;

e. Awarding Plaintiff its reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (b)(5), and as otherwise permitted by law;

f. Awarding Plaintiff prejudgment interest to the maximum extent permitted by law; and

g. Awarding such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all claims and issues so triable.

Respectfully submitted,

/s/ Mikhael D. Charnoff
Mikhael D. Charnoff, MD No. 17744
CHARNOFF SIMPSON PLLC
111 Church Street NW, Suite 202A
Vienna, VA 22180
Phone: (703) 291-6650
Fax: (703) 829-7889
mike@charnoffsimpson.com
*Counsel for Plaintiff*